UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CIV-20051-LENARD-GARBER

KEMP A. KNIGHTEN, individually,

Plaintiff,

vs.

PALISADES COLLECTIONS, LLC,
a foreign limited liability company, et al.

Defendants.
_____/

**OMNIBUS ORDER**

THIS CAUSE is before the Court upon Defendant Palisades Collection, LLC's Motion for Sanctions [DE 43], Plaintiff Kemp A. Knighten's Cross Motion for Summary Judgment Against Palisades [DE 110], Plaintiff's Motion for Summary Judgment Against James Cary Jacobson, P.A. and Justin D. Jacobson [DE 50], and Palisades Collection's Motion for Summary Judgement [DE 57]. The Court has received the concomitant Responses and Replies, and held a hearing on the matters on June 24, 2010.

This lawsuit arises out of a state court action filed on January 10, 2008. [DE 48-2]. The plaintiff in the state court action was Palisades Collection, LLC ("Palisades"). *Id*. The law firm that represented Palisades was Jacobson, Sobo, & Moselle ("JSM"), or James Cary Jacobson, P.A., and Justin D. Jacobson. *Id*. Palisades sued Kemp A. Knighten ("Knighten") in state court to collect an alleged credit card debt of $4,074.63. *Id*. Knighten hired counsel to defend him in the state court suit, for which he has incurred attorney's fees. [DE 45-1 at ¶ 8]. It was eventually discovered that Palisades did not own the debt at issue, rather an associated company that JSM also represented, Unifund, was the true owner of the account. [DE 51-4 at 2]. JSM filed the suit under Palisades's

name because it mistakenly believed that Knighten's account was one of many that had been transferred from Unifund to Palisades. [DE 55 at 7]. Palisades admitted that it learned that a lawsuit had been filed in its name against Knighten on May 5, 2009, when it was served with the first Complaint in the instant action. [DE 51-3 at 6]. On September 16, 2009, the day before trial in state court, JSM filed a Motion to Correct Clerical Error in order to correct the name of the plaintiff. [DE 51-4 at 2]. The state court denied that motion and eventually dismissed the case in February, 2010. [DE 46].

Knighten filed the instant lawsuit for various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") including the filing of a time-barred lawsuit and the use of false or misleading representations for filing a lawsuit in which it had no standing to sue. Specifically, Count I contains the following allegations: 1) use of deceptive means (§ 1692e); 2) engaging in conduct the natural consequence of which is to harass, oppress or abuse (§ 1692d); and 3) engaging in an unfair and deceptive practice by filing a suit against Plaintiff which Defendants knew was time-barred and also by continuing to litigate the matter even after becoming aware that the state court lawsuit was in fact time-barred (§ 1692f). Count II relates to false and deceptive representations based on the fact that Palisades did not even own the debt at issue, and included the following alleged violations: 1) use of false, deceptive, or misleading representations in connection with the collection of any debt (§ 1692e); 2) making a false representation of the character, amount or legal status of any debt (§ 1692e(2)(A)); 3) making a false representation of the compensation which may be lawfully received by any debt collector of a debt (§ 1692e(2)(B)); 4) making a threat to take an action that cannot legally be taken or is not intended to be taken (§ 1692e(5)); 5) using false representations or deceptive means to collect or attempt to collect a debt (§ 1692e(10)); 6) using unfair and unconscionable means to collect or attempt to collect a debt (§ 1692f); and 7) attempting

to collect an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law (§1592f(l)). Defendants denied the allegations in the Amended Complaint and included an affirmative defense of bona fide error, pursuant to 15 U.S.C. § 1692k(c).

Palisades filed a Motion for Sanctions to which Knighten filed a Cross-Motion for Summary Judgement. Palisades also filed a Motion for Summary Judgment and Knighten filed a Motion for Summary Judgment against James Cary Jacobson, P.A. and Justin D. Jacobson. Each motion will be discussed in turn.

**I. Palisades Collection's Motion for Sanctions**

Palisades filed a motion for Rule 11(b) sanctions against Knighten for refusing to withdraw this lawsuit despite having the knowledge that Palisades never owned the underlying debt. Rather than file a response in opposition to the Motion for Sanctions, Knighten filed a Cross-Motion for Summary Judgment. The Court will consider the Motion for Sanctions when it has been fully briefed. Accordingly, Knighten shall file a Response in Opposition to the Motion for Sanctions within ten (10) days from the date of this Order.

**II. Knighten's Cross Motion for Summary Judgment and Palisades's Motion for Summary Judgment**

In response to Palisades's Motion for Sanctions, Knighten moved for summary judgment claiming that Palisades filed and maintained an unauthorized debt collection lawsuit and thereafter refused to dismiss it, even after it became apparent that it had no standing to sue. Palisades filed its Motion for Summary Judgment arguing that Knighten's claims under the FDCPA are inapplicable to Palisades and that the state court action was not time-barred.

*Standard*

Summary judgment is proper where the nonmoving party has failed to make a sufficient

showing on an essential element of its case which it has the burden of proving. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making this determination, the Court views all facts in the light most favorable to the nonmoving party. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

*Analysis*

Knighten's central theme to his case against Palisades is that Palisades attempted to collect a debt that it did not own by filing a suit against Knighten in a state court action that was time-barred. Palisades contends that it was never assigned the account reflected in the complaint in the state court action, nor did it ever attempt to collect the debt which was at issue in state court. Therefore, Palisades argues, the FDCPA is not applicable in this instance as Palisades was not a debt collector as defined by the Act.

The Fair Debt Collection Practices Act is part of a comprehensive federal legislation aimed at preventing third-party debt collectors from using abusive and unfair tactics in collecting consumer debts. *See* 15 U.S.C. § 1692 (setting out the purpose of the FDCPA). "Debt collectors" are defined under the FDCPA as "any person who uses the instrumentality of interstate commerce or the mails in any business, the principle purpose of which is debt collection, or who regularly collects or attempts to collect debts owed to another." 15 U.S.C. § 1692a(6).

Knighten alleges that Palisades violated the following sections of the FDCPA: § 1692d, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(10), and § 1692f. In such circumstances, courts

have applied the "least sophisticated consumer" standard, where the Court examines whether the statement made by the debt collector would mislead the least sophisticated consumer. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

The provisions of 15 U.S.C. § 1692d of the FDCPA contain general prohibitions on false and misleading statements. The specific text within § 1692d of the FDCPA states that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with a debt." 15 U.S.C. § 1692d. In *Fox v. Citicorp Credit Services, Inc.*, the Ninth Circuit found that an agent of the defendant's intimidating and threatening phone calls to the plaintiff at work after repeated requests not to call her at her place of employment was an example of harassing conduct under § 1692d. 15 F.3d 1507, 1516 (9th Cir. 1994).

No evidence has been set forth showing that Palisades engaged in any conduct directed towards Knighten in the state court action, as Palisades was completely unaware that it was ever identified as a plaintiff in that action. Because Palisades did not engage in any conduct towards Knighten, it cannot be liable to him for a violation under 15. U.S.C. § 1692d.

The allegations which fall under 15 U.S.C. § 1692e are in a category entitled "False or misleading representations." The critical language in this section states that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In *Royal Financial Group, LLC v. George*, the plaintiff alleged a violation of § 1692e(2)(a). Case No. ED 92972, 2010 WL 1223791 (Mo.App. E.D. 2010). The plaintiff sued the defendant to collect a credit card debt that she had owed to Chase Manhattan Bank. *Id* at *1. The defendant denied owing any money and made a counter-claim under § 1692e(2)(a).

The defendant had the burden to provide sufficient evidence to this effect, and the court found that she did so by showing that she had only possessed one credit card in her lifetime, which had not been used since she had begun living in her retirement home nine years prior. *Id*. at *3. This evidence was enough for the court to find that Royal Financial's conduct violated §1692e(2)(a). *Id*.

In *Gilmore v. Account Management, Inc.*, the plaintiff contended that the defendant corporation used deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(5). Case No. 08-cv-01388-JOF, 2009 WL 2848278 (N.D. Ga. 2009). The defendant threatened legal action if the plaintiff did not pay the debt, however, the defendant never provided verification of the debt when requested to do so. *Id*. at *6. Under § 1692e(5), a debt collector violates the FDCPA when it threatens "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The court found that threatening the lawsuit was the type of action that this section of the FDCPA was meant to protect against, and thus found that the plaintiff stated a claim under this provision of the FDCPA. *Id.* at *6.

Violations under 15 U.S.C. § 1692e(10) are discussed in *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp.2d 1361 (M.D. Fla. 2002). There, plaintiffs received a letter in February of 1999 from the defendants regarding delinquent maintenance assessments. *Id*. at 1364. In the letter, the "Defendants assert that, if Plaintiffs fail to respond to the letter on or before thirty days of the date of the letter, Plaintiffs will incur 'a substantial amount of attorney's fees and costs, which [Plaintiffs] are personally liable for and which can also constitute a judgment against any property [Plaintiffs] own.'" *Id.* at 1369. The plaintiffs argued that this was a misrepresentation under §1692e(10) of the FDCPA and the court in that case agreed. *Id.*

In the instant case, for each allegation under § 1692e of the FDCPA, Palisades had no

6

proactive conduct with reference to Knighten or the alleged debt at issue. Palisades never used any conduct, false or misleading at that, in an attempt to collect a debt from Knighten. Though the lawsuit was filed under Palisades's name, this was due to JSM, rather than any actions that Palisades took.

Last, Knighten alleges that Palisades violated 15 U.S.C. § 1692f. That section, entitled "Unfair Practices" states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A violation of this statute is seen in *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564 (M.D. Fla. 1996). The plaintiffs had obtained a mortgage loan on which ITT Residential had been given the authority to collect payments. *Id.* at 1566. ITT Residential hired the defendant to collect the mortgage note and payment through correspondence with the plaintiffs. *Id.* The plaintiffs alleged that the defendant violated the FDCPA through the inclusion of a payoff fee added to the mortgage owed. *Id.* A collection of an unauthorized fee violates § 1692f of the FDCPA, and the court found that the plaintiffs did have a cause of action under the FDCPA. *Id.* at 1568.

Unlike in *Sandlin*, Palisades did not collect or attempt to collect a debt by any means. The purpose of the "Unfair Practices" section of the FDCPA is to prohibit collectors from using various unfair or unconscionable means to attempt to collect a debt from a consumer. 15 U.S.C. § 1692f. In the instant case, Palisades was unaware of the state court action and could not have possibly engaged in any conduct which could be viewed as either as an unfair or unconscionable way to collect or attempt to collect the debt. The FDCPA was simply not promulgated to penalize debt collectors under these circumstances. Therefore, Palisades could not have violated the FDCPA.

Knighten argues, however, that under the least sophisticated consumer standard, Palisades

is subject to the FDCPA because the least sophisticated consumer would have no way of knowing whether Palisades authorized the state court action. *See Jeter*, 760 F.2d at 1172-75. Knighten also argues that Palisades's failure to act after having become aware that an unauthorized debt collection lawsuit was filed on its behalf ratified the earlier conduct of JSM under the concept of apparent authority.

First, the least sophisticated consumer standard does not apply in this instance. In formulating the least sophisticated consumer standard, the Eleventh Circuit looked at claims made under § 1692(e)(5) and (10). *Id.* The court adopted language from the Northern District of Georgia, stating, ""[t]he FDCPA's purpose of protecting [consumers] ... is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls," *Id*. at 1175 (quoting *Wright v. Credit Bureau of Georgia, Inc.,* 548 F.Supp. 591, 599 (N.D. Ga. 1982). Under the standard, the Court "analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collectors's practices." *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1369 (M.D.Fla. 2002). Here, Palisades, the debt collector, did not deceive Knighten as Palisades was involved in name only, and, as previously stated, did not engage in any conduct directed toward Knighten. Punishing Palisades for the actions of the law firm would not fulfil the purpose of the FDCPA, which is to "prevent third-party debt collectors from using abusive and unfair tactics in collecting consumer debts," where, as here, a debt collector did not actually engage in the alleged debt collecting violations. 15 U.S.C. § 1692. Palisades could not have deceived Knighten because Palisades itself did not take any prohibited action.

Next Knighten argues, that through the doctrine of apparent authority, Palisades is

responsible for the actions of JSM. Knighten contends that all three elements to show apparent authority are present: (1) a representation was made on behalf of a purported principal, i.e., a lawsuit alleging that Knighten owed a debt to Palisades; (2) reliance on that representation by a third party, i.e., Knighten located an attorney to defend a lawsuit filed by Palisades; and (3) a change of position by the third party based upon said representation, i.e. Knighten hired the undersigned counsel to defend a lawsuit filed by Palisades Collection, LLC. *See Lensa Corp. v. Poinciana Gardens Ass'n,* 765 So.2d 296, 298 (Fla. 4th DCA 2000) (stating the required elements for apparent authority). Knighten relies on Seventh Circuit case law for the proposition that ignorance is no excuse as 15 U.S.C. § 1692e applies "even when a false representation was unintentional." *Turner v. J.V.D.B. & Assocs.,* 330 F.3d 991, 995 (7th Cir.2003) (quoting *Gearing v. Check Brokerage Corp,* 233 F.3d 469, 472 (7th Cir. 2000)); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir. 2004). However, the cases that Knighten relies on fail to correspond to the circumstances present in the instant lawsuit because, here, Palisades never made any representations to Knighten.

Furthermore, apparent authority is not determined by the subjective understanding of the person who is dealing with the agent. *MeterLogic, Inc. v. Copier Solutions, Inc*., 126 F.Supp.2d 1346, 1355 (S.D.Fla. 2000) (citing *Ja Dan, Inc. v. L-J, Inc.,* 898 F.Supp. 894, 900 (S.D.Fla.1995)). Rather, the principal must create the appearance of the relationship. *Id*. According to the affidavit of Steven Braun, Assistant Vice President of Operations and Director of Litigation at Palisades, Palisades was never assigned the debt at issue in the state court action. [DE 58-4 at ¶ 4]. Palisades made no representations to Knighten with reference to the debt at issue in the instant Amended Complaint, nor did they attempt to collect the debt at issue in the Amended Complaint. Justin D. Jacobson testified at his videotaped deposition that his law firm's client in the state court lawsuit was

Unifund and that Palisades was not the correct party. [DE 58-5 at 3-4].

As stated at the hearing on June 24, 2010, this case is best compared to a scenario involving a stolen credit card. The card holder is not responsible for the purchases made by whomever stole the card in question, nor is Palisades responsible for the actions of JSM. Accordingly, apparent authority is not applicable here.

Regarding Knighten's argument that Palisades somehow acquiesced to the litigation in state court because it did not immediately move to dismiss the case, the Court is not convinced. Though Palisades could have done something, this does not amount to any authorization of JSM's actions. Thus, Palisades cannot be held liable to Knighten for violations under the FDCPA and the Court does not need to address whether the act action was time-barred. Accordingly, Palisades's Motion for Summary Judgment is GRANTED and Knighten's Cross Motion for Summary Judgment is DENIED.

### III. Plaintiff Kemp A. Knighten's Motion for Summary Judgment Against James Cary Jacobson, P.A. and Justin D. Jacobson

Knighten moves for summary judgment against Defendants James Cary Jacobson, P.A. and Justin D. Jacobson (collectively as "Jacobson") claiming that Jacobson violated the FDCPA in two ways: (1) filing a time-barred lawsuit, and (2) filing the suit for a party that lacked standing to sue. Jacobson contends that the lawsuit was not time-barred and the application of the bona fide error defense shields him from responsibility.

*Time-Barred Lawsuit*

Knighten argues that filing a time-barred lawsuit constitutes a violation of the FDCPA. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987). The parties, however,

each contend that a different statute of limitations applies. As an initial matter, Jacobson does not contest the application of the FDCPA against him.

Knighten claims that Florida's four year statute of limitations applies. Fla. Stat. § 95.11. He claims that his alleged debt was last paid in 2000 [DE 51-1 at ¶ 10], and "[e]ven under the most conservative analysis of Florida's statute of limitations, the applicable time to file the state court lawsuit had passed long ago." [DE 51 at 7]. Knighten next alleges that Jacobson cannot claim the bona fide affirmative defense because litigating a time-barred suit is an intentional act and therefore cannot be a bona fide error. *Thompson v. D.A.N. Joint Venture III, L.P.*, Case No. 05-938, 2007 WL 1625926 (M.D. Ala. Jun. 5, 2007).

Jacobson responds that Knighten uses an incorrect statute of limitations, as well as the wrong starting date from which to measure the period of time. Jacobson contends that the cardmember agreement, which is associated with the credit card account at issue in the state court action, expressly stated that North Dakota law governed the agreement. Jacobson explains that under North Dakota law, the limitations period should be measured from the date "the claim for relief has accrued," and that the applicable limitation period is six years. N.D. Cent. Code §28-01-16. According to Jacobson, a claim on an unpaid credit card account accrues on the due date of the last unpaid statement, not when the last payment was made. Consequently, Jacobson argues, the limitations period cannot be measured from a date before June 13, 2003, which is the due date of the last unpaid statement. *See* [DE 55-1 at 14].

Jacobson, however, offers no evidence to support the use of this date. First, the cardmember agreement that Jacobson references states that it is effective on January 1, 2006. Knighten explains that both the alleged starting dates of either 2000 or 2003 occurred before this agreement became

11

effective, and an agreement must be effective before it can be breached. Therefore, the choice of law provision in the 2006 agreement is inapplicable. Furthermore, Knighten argues that the bank records that Jacobson uses constitute inadmissible hearsay because they were not part of Knighten's cardmember agreement and were never signed by Knighten. *See McCaskill v. Ray*, 279 Fed. Appx. 913 (11th Cir. 2008) (holding that exhibits containing logos of another entity that are not authenticated by a records custodian are inadmissible hearsay).

At the hearing Jacobson represented that the 2004 agreement that was in effect was illegible, and therefore he attached an identical 2006 agreement instead. Although there is currently a pending motion to hold a deposition to authenticate the attached agreement and account statement, [DE 108], the only evidence before the Court is that a payment was last made in 2000 [DE 51-1 at ¶ 10]. Therefore, even a 2004 agreement would not be effective at the time the contract was made and authenticating the documents would make no difference in the Court's findings. Accordingly, pursuant to Fla. Stat. § 95.11, an action that is not based on a written document must commence within four years.

Having determined that the Florida statute of limitation applies, the Court must next examine the evidence concerning when the cause of action accrued. In a sworn affidavit, Knighten stated that he made his last payment on the account in 2000. [DE 51-1 at ¶ 10]. Jacobson does not present any evidence to the contrary. Since Knighten did not make any subsequent payments, the account must have gone into default in 2000, or at the latest 2001. The filing of the state court action in 2008 was beyond the limitations period of four years.[1] Jacobson mistakenly argues that

---

[1] Even if the North Dakota statute of limitations applied, the filing of the state court action in 2008 was beyond the limitations period of six years.

> [t]he account statement on which the state-court claim was based reflects a payment due date of June 13, 2003 and . . . a default occurs if the cardmember does not make the minimum payment. However, a default . . . does not by itself give rise to a right to sue. [Rather,] a default *authorizes but does not automatically result in* cancellation of the account, allowing the issuer to seek the full balance due. Thus, the limitations period could not have commenced prior to the statement due date, June 13, 2003.

[DE 55 at 5]. This claim that the unpaid bill from 2003 constitutes the accrual of the lawsuit is nonsensical, given that there is no evidence to contradict that Knighten made his last payment in 2000. By Jacobson's logic, a company could bill a customer for years after the customer defaulted on his payments in order to delay the running of the statute of limitations. Consequently, the Court finds that the state court suit was time-barred.

*Lack of Standing*

Though Jacobson admits to mistakenly filing a suit in Palisades's name against Knighten and that the "state court complaint contained false statements by virtue of the misnomer," he argues that the bona fide error defense precludes summary judgment. [DE 55 at 6]. A violator of the FDCPA may claim a bona fide affirmative defense if he can prove by a preponderance of the evidence that his error was bona fide and unintentional, and that he made reasonable attempts to prevent errors from occurring. *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). Jacobson cites the following reasons for application of the bona fide error defense: 1) soon after realizing the mistake, he moved to correct it; 2) the mistake was unintentional and no benefit was conferred on any party because of the mistake; and 3) procedures were in place to prevent this type of error.

Knighten contends that even after Jacobson realized that Palisades was the improper plaintiff, Jacobson refused to dismiss the suit. The bona fide error affirmative defense allowed under the FDCPA is not available to debt collectors who were on notice as to the unlawfulness of their

13

lawsuits, but still continued to litigate. *Thompson,* 2007 WL 1625926. Because Jacobson was on notice as to their lack of standing but nonetheless continued to litigate, Knighten argues that Jacobson cannot claim the bona fide affirmative defense.

Jacobson litigated the suit for one and a half years until realizing that Palisades was an improper plaintiff. However, Jacobson points out that as soon as he recognized the mistake, he raised the issue with Knighten and the trial judge by filing a Motion to Correct Clerical Error. Jacobson explains that his immediate attempt to correct the error invalidates Knighten's claim that Jacobson continued to litigate an unlawful suit. Jacobson distinguishes *Thompson v. D.A.N. Joint Venture III, L.P.*, the case that Knighten cites to support his argument, from the case at bar. *Id*. In *Thompson*, the plaintiff sued the defendant creditor for filing a civil suit after the statute of limitations had passed, in violation of the FDCPA. *Id.* The offending party admitted that it made no attempt to correct the error. *Id*. Even though this case presents a different scenario and Jacobson did attempt to correct the error, Jacobson also admits that he "had documents reflecting the account was owned by Unifund [the proper plaintiff in the state court action]." [DE 55 at 7]. There were no documents indicating that the account was transferred from Unifund to Palisades. The fact that Jacobson had documents reflecting that Unifund owned the debt shows that he was on notice of the lack of standing.

Jacobson also argues that the mistake was unintentional, and consequently, bona fide, because Jacobson accidentally marked the credit card account as one that was transferred to Palisades from Unifund. This mistake, Jacobson alleges, must have been unintentional and bona fide because it conferred no advantage upon Jacobson, nor a disadvantage upon Knighten, in the state court action. In fact, the mistake caused Unifund to be unable to pursue its claim because the statute

14

of limitations period had passed by the time the mistake was recognized. Jacobson cites *Katz v. Asset Acceptance, LLC* to support this proposition, because there, the court granted a law firm's motion for summary judgment, despite the firm's having accidentally sued the debtor in the wrong venue, in part because "it is hard to imagine what interest of [the firm] would be served by filing the underlying suit in New York [County] rather than Kings County." Case No. 05-2783, 2006 WL 3483921, at *3 (E.D.N.Y. Nov. 30, 2006).

However, *Katz* is distinguishable from the present case because here, Jacobson had documentation reflecting that Unifund, rather than Palisades, owned the account. [DE 55 at 7]. Even though the documents predated the purported transfer to Palisades, this should have made Jacobson aware that the state court action was filed under the wrong party name. Furthermore, in *Katz* the clerical error occurred because the firm's paralegal accidentally entered the incorrect venue code on the client's file, whereas here, Jacobson actually (though mistakenly) believed that Palisades was the proper plaintiff.

Knighten also claims that Jacobson fails to offer proof of the specific procedures his firm followed to prevent filing a lawsuit under an incorrect party name. Without specific evidence of the preventive procedures, the bona fide error affirmative defense cannot be raised. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). Knighten alleges that Jacobson merely states that he utilized preventive procedures, but a mistake nonetheless occurred. Without more, Knighten argues, Jacobson cannot claim the bona fide affirmative defense.

Jacobson contends that he made reasonable attempts to prevent this kind of mistake from occurring, because both attorneys and legal assistants review exhibits when putting together the documents in a suit, and both Unifund and Palisades reviewed the affidavits. Here, Jacobson argues,

no one noticed the error "because Unifund services all of Palisades (*sic*) accounts." [DE 55 at 7].

While Jacobson claims that the affidavit explains the procedures used to avoid the error that occurred, the affidavit does not explain the procedures used for cases such as this one, where there are documents reflecting that the account was in the name of another entity. *See* [DE 55-1]. Though Unifund and Palisades have a relationship, this does not excuse the actions of Jacobson. Given that Jacobson "had documents reflecting the account was owned by Unifund, [but] predated the purported transfer to Palisades," Jacobson should have conducted adequate research to ascertain the correct owner of the account before filing and maintaining the lawsuit. [DE 55 at 7]. Even though attorneys, legal assistants, and the clients themselves reviewed the documents of the lawsuit to confirm their accuracy, Jacobson states that "[n]either the attorney nor the legal assistant noticed the error as it would not be obvious from the pleadings and exhibits themselves." *Id*. If the error would not be obvious to those checking it, it cannot follow that the procedures in place were reasonable, nor sufficient to prevent this error from occurring.

The Court therefore finds that Jacobson violated the FDCPA by filing a time-barred lawsuit for a party that lacked standing, and Jacobson cannot raise the bona fide error defense. Without ability to claim the defense, "a single violation of [the FDCPA] is sufficient to establish civil liability." *Ferguson v. Credit Mgmt. Control, Inc.* 140 F. Supp. 2d 1293, 1297 (M.D. Fla. 2001). Because there is no question of fact that Jacobson filed and maintained a time-barred lawsuit for a party that lacked standing, the Court finds that Jacobson committed the following FDCPA violations: 1) using false, deceptive, or misleading representations in connection with the collection of any debt (§ 1692e); 2) making a false representation of the character, amount or legal status of any debt (§ 1692e(2)(A)); 3) making a false representation of the compensation which may be lawfully received

by any debt collector of a debt (§ 1692e(2)(B)); 4) making a threat to take an action that cannot legally be taken or is not intended to be taken (§ 1692e(5)); 5) using false representations or deceptive means to collect or attempt to collect a debt (§ 1692e(10)); 6) using unfair and unconscionable means to collect or attempt to collect a debt (§1692f); and 7) attempting to collect an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law (§1592f(l)).  Accordingly, Knighten's Motion for Summary Judgment Against James Cary Jacobson, P.A. and Justin D. Jacobson is GRANTED.  The Court hereby

ORDERS the following:

1) Plaintiff shall file a Response in Opposition to Defendant Palisades Collection, LLC's Motion for Sanctions within ten (10) days from the date of this Order.

2) Defendant Palisades Collection, LLC's  Motion for Summary Judgment is GRANTED

3) Plaintiff's Cross Motion for Summary Judgment is DENIED.

4) Plaintiff's Motion for Summary Judgment Against Defendants James Cary Jacobson, P.A. and Justin D. Jacobson is GRANTED.

5) All pending motions, except for the Motion for Sanctions, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 6th day of July, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE