UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CIV-20051-LENARD-GARBER

KEMP A. KNIGHTEN, individually,

Plaintiff,

vs.

PALISADES COLLECTIONS, LLC,
a foreign limited liability company, et al.

Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant Palisades Collection, LLC's Motion for Sanctions [DE 43], Plaintiff Kemp A. Knighten's Response in Opposition [DE 131], and Defendant's Reply [DE 136]. The Court also held a hearing on the matter on June 24, 2010.

This lawsuit arises out of a state court action filed on January 10, 2008. [DE 48-2]. The plaintiff in the state court action was Palisades Collection, LLC ("Palisades"). *Id*. The law firm that represented Palisades was Jacobson, Sobo, & Moselle ("JSM"), or James Cary Jacobson, P.A., and Justin D. Jacobson. *Id*. Palisades sued Kemp A. Knighten ("Knighten") in state court to collect an alleged credit card debt of $4,074.63. *Id*. Knighten hired counsel to defend him in the state court suit, for which he has incurred attorney's fees. [DE 45-1 at ¶ 8]. It was eventually discovered that Palisades did not own the debt at issue, rather an associated company that JSM also represented, Unifund, was the true owner of the account. [DE 51-4 at 2]. JSM filed the suit under Palisades's name because it mistakenly believed that Knighten's account was one of many that had been transferred from Unifund to Palisades. [DE 55 at 7]. Palisades admitted that it learned that a lawsuit

had been filed in its name against Knighten on May 5, 2009, when it was served with the first Complaint in the instant action. [DE 51-3 at 6]. On September 16, 2009, the day before trial in state court, JSM filed a Motion to Correct Clerical Error in order to correct the name of the plaintiff. [DE 51-4 at 2]. The state court denied that motion and eventually dismissed the case in February, 2010. [DE 46]. Knighten filed the instant lawsuit for various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA")

Palisades filed a Motion for Sanctions to which Knighten filed a Cross-Motion for Summary Judgement. Palisades also filed a Motion for Summary Judgment. The Court granted Palisades's Motion for Summary Judgement [DE 130] and directed Knighten to file a response to the Motion for Sanctions.

Palisades filed a motion for Rule 11(b) sanctions against Knighten for refusing to withdraw this lawsuit despite having the knowledge that Palisades never owned the underlying debt. "The purpose of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers.'" *Kaplan v. Daimler Chrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Sanctions pursuant to Rule 11 are appropriate: "'(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith or for an improper purpose.'" *Id*. (emphasis removed) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)). In determining whether to impose Rule 11 sanctions the Court should engage in a two-step analysis to determine: "'(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" *Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp.2d 1344, 1372 (S.D. Fla. 2005) (quoting *Baker v. Alderman*, 158 F.3d

516, 524 (11th Cir. 1998)). Rule 11 sanctions may be imposed against a represented party when there is a misrepresentation of fact in a pleading and the party "knew or reasonably should have known" that the representation was baseless. *Byrne v. Nezhat*, 261 F.3d 1075, 1117-18 (11th Cir. 2001).

Palisades contends that at the time that Plaintiff filed the Amended Complaint against Palisades, Plaintiff was aware that Palisades was the incorrect party in the state court action. This was known to Plaintiff because of the motion in state court to correct clerical error to properly identify the true plaintiff (Unifund), and because Palisades's discovery responses stated that Palisades never attempted to collect a debt from Knighten and that it was not the proper party in this suit. Palisades also seeks sanctions under 28 U.S.C. § 1927, "Counsel's Liability for Excessive Costs," which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Court must first determine whether Knighten's claims were objectively frivolous. In the court's view, Knighten had a reasonable factual basis to file its Amended Complaint against Palisades. At the time that Knighten filed the Amended Complaint, Palisades was still the plaintiff in the state court action. Palisades waited four months to file the Motion to Correct Clerical Error in the state court. Palisades contends that it took four months to file the motion in state court because the instant case had been dismissed and reopened. The status of the instant case, however, was independent of the state court action. The dismissal here did not obviate the need to take action

in the state court case because Knighten was still forced to litigate that lawsuit.

Furthermore, at the hearing on the instant Motion, Palisades's attorney stated that Palisades did not have any responsibility to call JSM and inform them of the mistake or order that the case be dismissed.  While it may not have been only Palisades's responsibility to correct the error, the claim that Palisades did not need to take any action is unconvincing.  For these reasons, Knighten had a reasonable factual basis for filing the lawsuit against Palisades, though it proved to be a weak one, and Knighten's claims were not objectively frivolous.  *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (stating that sanctions "are not warranted when the claimant's evidence is merely weak").  Though the Court granted Palisades's Motion for Summary Judgment, sanctions are not warranted.  *See Id.* ("The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.").  Nor are sanctions appropriate under 28 U.S.C. § 1927.  Accordingly, it is hereby

ORDERED that Palisades's Motion for Sanctions is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of August, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE