UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CIV-20051-LENARD-GARBER

KEMP A. KNIGHTEN, individually,

    Plaintiff,

v.

PALISADES COLLECTIONS, LLC,
a foreign limited liability company, et al.

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon: plaintiff Kemp A. Knighten's Amended Motion for Reconsideration [D.E. 133]; Knighten's Amended Motion to Clarify Order on Summary Judgment [D.E. 138]; and Knighten's Motion for In-Person Court Appearance [D.E. 139]. The Court has also received the concomitant responses and replies. Having considered the filings and the record in this case, and for the following reasons, the Court: DENIES Knighten's Motion for Reconsideration, GRANTS in part and DENIES in part Knighten's Motion to Clarify; and DENIES Knighten's Motion for Appearance.

**I.    Brief Background**

The instant suit arises out of a state court action that was filed against Knighten in order to collect on a debt. The law firm that filed the suit, however, mistakenly listed Palisades Collections, LLC as the plaintiff, when in fact the debt was owned by another company. This state court case was eventually dismissed, in February 2010. But in the meantime, in May 2009, because of the law firm's gaffe, Knighten filed the instant suit against both Palisades and the law firm alleging various

violations of the Fair Debt Collections Practices Act. The Court granted summary judgment in Knighten's favor regarding the law firm, but in Palisades' favor regarding the claims against it, finding that Palisades was not responsible for the suit's having been brought against Knighten in state court.

## II.     Motion for Reconsideration

As a result of the Court's summary judgment ruling against Knighten and in favor of Palisades, Knighten has filed a motion for reconsideration. A motion for reconsideration will be denied unless the movant presents: (A) newly discovered evidence; (B) intervening changes in the controlling law; or (C) a need to correct clear error or manifest injustice. <u>Spanish Broad. Sys., Inc. v. Clear Channel Commc'ns</u>, 2003 WL 21877614, at *1 (S.D. Fla. Aug. 6, 2003). Knighten's motion fails to establish any of the above.

### A.     Newly Discovered Evidence

The only newly discovered evidence that Knighten presents in his motion is that, at a July 16, 2010 hearing in state court, an attorney from the law firm that improperly brought the underlying state court action in Palisades' name, admitted that he was in court representing Palisades. That purported representation, however, was limited to the matter at issue on that day. Thus, even if the Court assumes that the "new evidence" as submitted by Knighten is true, this evidence has no bearing on the issues that have been determined by the Court. The Court's order, granting summary judgment in Palisades' favor, addressed whether Palisades could be held accountable for an action purportedly brought on its behalf but without its knowledge. The July 16, 2010 state court hearing, held months after the underlying case had been dismissed by the state court, was set to address Knighten's motion for attorneys' fees. Knighten's motion for fees was directed both at the law firm as well as at Palisades. In response to <u>that motion</u>, the law firm moved for sanctions against

Knighten, allegedly on behalf of Palisades. The attorney from the law firm stated that he was appearing at the July 16, 2010 hearing to represent Palisades against Knighten's motion for attorneys' fees and in support of the motion for sanctions.[1] Just because the law firm affirmed its representation of Palisades <u>for the purposes of the hearing for fees and sanctions</u>, does not mean that the law firm must have been representing Palisades <u>in the filing of the initial claim to collect the debt</u>. This July 16, 2010 acknowledgment of representation does not manifest any "new evidence" that the law firm has been representing Palisades all along.

### B.   Intervening Changes in the Controlling Law

Knighten does not allege that there have been any intervening changes to the controlling law. In fact, he cites to only one case that has been decided since the parties' motions were fully briefed and heard. Nothing in this unpublished case, <u>Hepsen v. Resurgent Capital Servs.</u>, represents, nor is it even alleged to represent, any change to controlling law that is relevant to this case. 383 Fed. Appx. 877 (11th Cir. 2010).

### C.   Need to Correct Clear Error or Manifest Injustice

Knighten also does not allege that the Court has made any clear error or committed a manifest injustice by its ruling. Instead, Knighten has improperly used his motion to ask the Court to rethink what the Court has already thought through. See <u>Z.K. Marine, Inc. v. M/V Archigetis</u>, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotations and citations omitted). A motion for reconsideration cannot be used to rehash old matters. <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted). All of the arguments that

---

[1] As an aside, this attorney now claims that he didn't really have authority to be acting on Palisades' behalf, even at that July 16, 2010 hearing. For the sake of argument and to give Knighten every benefit of the doubt, the Court will assume, without deciding, that the attorney was indeed at the hearing representing Palisades.

Knighten presents in his motion have already been analyzed and ruled on by the Court and none of them establishes either clear error or manifest injustice.

First, Knighten continues to insist that Palisades was responsible for bringing the state court action against Knighten. The Court has already addressed this issue and found to the contrary. (E.g., D.E. 130 at 5 ("No evidence has been set forth showing that Palisades engaged in any conduct directed towards Knighten in the state court action . . . ."); id. at 7 ("Though the lawsuit was filed under Palisades' name, this was due to [the law firm], rather than any actions that Palisades took."); id. ("Palisades did not collect or attempt to collect a debt by any means."); id. at 9 ("Palisades never made any representations to Knighten.")). Knighten's reiteration of arguments that he has already presented, and to which the Court has already spoken, do not establish, or even allege, any clear error or manifest injustice. Contrary, therefore, to Knighten's insistence, he has still not established a prima facie case against Palisades for violations of the FDCPA.

Second, because Knighten has not established a prima facie case, his arguments, improperly presented now for the third time in this case, regarding Palisades' failure to establish the affirmative defense of bona fide error, also fail. (D.E. 45 at 10-13; D.E. 69 at 10-13). In addition to being inappropriately submitted in the instant motion, his contentions are also inapplicable: a defendant need not establish a defense if the plaintiff has not first demonstrated a prima facie case.

Next, Knighten also argues, for the third time, that Palisades is liable for the law firm's acts under the doctrine of apparent authority. (D.E. 45 8-10 at; D.E. 69 at 8-10). Once again, the Court has already found to the contrary. (E.g., D.E. 130 at 10 ("[A]pparent authority is not applicable here."); id. ("Though Palisades could have done something, this does not amount to any authorization of [the law firm's] actions.")). Yet again, Knighten persists in improperly recycling old issues that have already been raised and disposed of by the Court.

And finally, Knighten presents, for the <u>fifth</u> time, his argument that he has the right to have this Court consider an order issued by a state court. (D.E. 69 at 13; D.E. 78 at 1-2; D.E. 92 at 2-5; D.E. 102 at 3-6). The Court issued an order, on June 16, 2010, in which it deemed the subject matter of the state court's order to be irrelevant to the instant suit. (D.E. 111 at 1). Knighten, yet again, attempts to relitigate matters that have already been dispensed with. None of the arguments he has submitted establishes the necessary clear error or manifest injustice that would prompt the Court to reconsider its judgment.

### III.    Motion to Clarify

Knighten also filed a motion to clarify the Court's July 6, 2010 order regarding an award of statutory damages as well as attorneys' fees and costs. This motion is DENIED with respect to Palisades but is GRANTED with respect to the law firm defendants James Cary Jacobson, P.A. and Justin D. Jacobson (the "Jacobsons"). The Court hereby modifies its July 6, 2010 order such that judgment shall be entered in Knighten's favor for $1,000 in statutory damages, as permitted under 15 U.S.C. § 1692k(a)(2)(A), against the Jacobsons, jointly and severally. The Court further modifies its July 6, 2010 order to reflect that Knighten shall be awarded his costs and reasonable attorneys' fees, as permitted under 15 U.S.C. § 1692k(a)(3). However, only those costs and attorneys' fees that were necessitated by reason of Knighten's actions in this case <u>against the Jacobsons</u> will be awarded. Knighten shall file a motion for the assessment of such fees and costs within 10 days from the date of this Order. Knighten's motion must be supported by evidence of the reasonable hourly rate and the reasonable number of hours worked by legal professionals, specifying how much time was spent on any particular task, and an itemization of the actual costs incurred. If, however, the parties are able to resolve the issue of fees and costs without the Court's intervention, Knighten shall file a notice with respect thereto within 10 days from the date of this Order.

### IV.     Motion for Appearance

Knighten's Motion for In-Person Court Appearance to Argue Amended Motion for Reconsideration is DENIED.

### V.     Conclusion

For the foregoing reasons, it is hereby

ORDERED that:

1. Knighten's Amended Motion for Reconsideration [D.E. 133] is DENIED;

2. Knighten's Amended Motion to Clarify Order on Summary Judgment [D.E. 138] is GRANTED in part and DENIED in part;

3. The Court's Omnibus Order [D.E. 130] is modified to reflect that JUDGMENT shall be entered in favor of Knighten in the amount of $1000.00 and that the Court reserves its decision as to fees and costs pending receipt of Knighten's motion with respect thereto;

4. Knighten shall file his motion for fees and costs, or a notice regarding a settlement thereof, within 10 days from the date of this Order; and

5. Knighten's Motion for In-Person Court Appearance [D.E. 139] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 4th day of March, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE